Filed 12/16/25  Digital Garage US v. Cochran CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| DIGITAL GARAGE US, INC., | |
| Plaintiff and Respondent, | G063388 |
| v. | (Super. Ct. No. 30-2023-01345692) |
| HEATHER COCHRAN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Glenn Mondo, Temporary Judge. (Pursuant to Cal. Const., art. VI, § 21.) Affirmed.

Heather Cochran, in pro. per., for Defendant and Appellant.

Coblentz Patch Duffy & Bass, Hannah L. Jones and Paige B. Pulley for Plaintiff and Respondent.

Heather Cochran appeals from the workplace violence restraining order imposed on her pursuant to section 527.8 of the Code of Civil Procedure.[1] The trial court ordered restrictions on Cochran's contact with the president and an advisor of her former employer, Digital Garage US, Inc. (Digital Garage), as well as on her use of Digital Garage's company-wide e-mail address, after she made several graphic and disturbing threats of violence in a series of e-mail communications. We affirm.

FACTUAL AND PROCEDURAL HISTORY

In August 2023, Digital Garage petitioned for a workplace violence restraining order pursuant to section 527.8 against Cochran (the petition), whose employment with Digital Garage had terminated almost a decade earlier. The petition was brought on the ground Cochran had sent dozens of threatening e-mails to Digital Garage employees, officers, and board members which put them and certain of their immediate family members in fear of their safety. The petition specifically sought protection for its president H.M. as well as for J.I., one of Digital Garage's advisors and former directors, as they were particularly targeted in the e-mails.

The petition is supported by H.M.'s nine-page declaration in which he provided detailed descriptions and quotes from the e-mails Cochran sent during May 2023 to August 2023. Copies of those e-mails are authenticated in and attached to H.M.'s declaration. The petition accurately summarizes the e-mails as containing "racist, hate[]-filled speech, and explicit threats of violence including that [Cochran] plans to bomb and murder [Digital Garage] employees of Japanese descent."

---

[1] All further statutory references are to the Code of Civil Procedure.

2

In his declaration, H.M. also stated that previously, between September 2022 and March 2023, Cochran sent dozens of e-mail messages to Digital Garage's company-wide e-mail address in which she "expressed feelings of disgust and expressions of violence against [Digital Garage] employees and other people of Asian descent." Copies of some of the communications Cochran sent during this time period are also authenticated in and attached to H.M.'s declaration.

The trial court granted a temporary restraining order pending an evidentiary hearing. At the evidentiary hearing on the petition, the trial court acknowledged Cochran admitted to the court she sent the e-mails identified in H.M.'s declaration but claimed to have done so in self-defense.

Following the evidentiary hearing, the trial court granted the petition. The court found Cochran's communications to Digital Garage employees to be "outrageous, threatening, [and] scary" and rejected Cochran's explanation that she made them in "self-defense." The court further found the communications not only failed to serve any legitimate purpose, but their content "would seriously alarm or annoy or harass the recipient," and "cause a reasonable person to suffer substantial emotional distress."

The court's three-year restraining order prohibits Cochran from, inter alia, harassing, stalking, committing acts of violence, making threats of violence, or contacting H.M. or J.I. The order further requires her to stay at least 100 yards away from H.M. and J.I., their workplaces, homes, and vehicles, as well as Digital Garage's San Francisco location. The order also prohibits her from sending e-mails or other electronic messages to the Digital Garage's company-wide e-mail address.

Cochran appealed.

## DISCUSSION

"Section 527.8 permits an employer to seek a restraining order on behalf of an employee who has 'suffered unlawful violence or a credible threat of violence from any individual, that can reasonably be construed to be carried out or to have been carried out at the workplace.' (§ 527.8, subd. (a).) A 'credible threat of violence' includes a 'course of conduct that would place a reasonable person in fear for his or her safety, or the safety of his or her immediate family, and that serves no legitimate purpose.' (§ 527.8, subd. (b)(2).) After a hearing, if a judge 'finds by clear and convincing evidence that the respondent engaged in unlawful violence or made a credible threat of violence, an order shall issue prohibiting further unlawful violence or threats of violence.' (§ 527.8, subd. (j).)" (*City of Los Angeles v. Herman* (2020) 54 Cal.App.5th 97, 102.) We must affirm the trial court's findings if they are supported by substantial evidence. (*Ibid.*)

In her appellate briefs, Cochran does not argue insufficient evidence supports the workplace violence restraining order. Indeed, the record shows she admitted making the numerous credible threats of violence against H.M. and J.I. identified in support of the petition. She does not argue the trial court was laboring under any misapprehension of the governing law or otherwise committed legal error of any kind in issuing the order. She provides no legal analysis or citation to relevant legal authority to support any challenge to the court's order.

In *L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619–620 (*L.O.*), the appellate court concluded the defendant forfeited his challenges to a workplace violence restraining order issued against him. The court explained: "'[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an

4

appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.]' [Citation.] 'This means that an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim. The appellant must present an adequate argument including citations to supporting authorities and to relevant portions of the record. [Citations.]' [Citation.] Accordingly, the California Rules of Court expressly require appellate briefs to '[s]tate each point . . . and support each point by argument and, if possible, by citation of authority' and to '[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears.'"

The appellate court in *L.O., supra*, 96 Cal.App.5th at page 620 further stated: "'It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness.' [Citation.] Nor are we 'required to search the record on [our] own seeking error.' [Citation.] Consequently, '[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citation.]' [Citation.] Likewise, "'[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. [Citation.]" [Citations.]' [Citation.] These rules apply both to parties represented by counsel and self-represented parties. [Citation.] 'A party proceeding in propria persona "is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys."'"

As Cochran's appellate briefs do not include appropriate citations to the record, relevant legal authority or analysis, or any acknowledgment of

5

evidence upon which the workplace violence restraining order is based, she has forfeited any argument the workplace violence restraining order was erroneously issued. (*L.O., supra*, 96 Cal.App.5th at p. 620.) In any event, more than substantial evidence supports the trial court's findings and issuance of that order. We find no error.

## DISPOSITION

The order is affirmed. Respondent to recover costs on appeal.



MOTOIKE, ACTING P. J.

WE CONCUR:


MOORE, J.


DELANEY, J.